# EXHIBIT A

**Appendix XII-B1**

| | CIVIL CASE INFORMATION STATEMENT (CIS)<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| | | PAYMENT TYPE: ☐CK ☐CG ☐CA |
| | | CHG/CK NO. |
| | | AMOUNT: |
| | | OVERPAYMENT: |
| | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Michael Gottlieb, Esq. | TELEPHONE NUMBER<br>(201) 261-1700 | COUNTY OF VENUE<br>Cumberland |
|---|---|---|
| FIRM NAME (if applicable)<br>Callagy Law, PC | | DOCKET NUMBER (when available)<br>L-788-16 |
| OFFICE ADDRESS<br>650 From Road<br>Suite 565<br>Paramus, NJ 07652 | | DOCUMENT TYPE |
| | | JURY DEMAND   ■ Yes   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Rahul Shah, M.D. o/a/o Lorraine J. | CAPTION<br>Rahul Shah, M.D. o/a/o Lorraine J. v. Aetna, Inc. |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>599 | HURRICANE SANDY<br>RELATED?<br>☐ YES   ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ Yes   ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes   ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)   ☐ NONE   ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>☐ Yes   ■ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ■ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES   ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE -- PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE -- PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE -- PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT -- OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE

- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category** ☐ Putative Class Action ☐ Title 59

CALLAGY LAW, P.C.
Michael Gottlieb, Esq. (Bar No. 07592-2013)
Samuel S. Saltman, Esq. (Bar No. 90240-2012)
Mack-Cali Centre II
650 From Road, Suite 565
Paramus, New Jersey 07652
Phone: (201) 261-1700
Fax: (201) 549-6236
E-mail: mgottlieb@callagylaw.com

*Attorneys for Plaintiff, Rahul Shah, M.D. o/a/o Lorraine J.*

| | | |
|---|---|---|
| RAHUL SHAH, M.D. on assignment of Lorraine J., | : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CUMBERLAND COUNTY |
| Plaintiff, | : | |
| v. | : | DOCKET NO.: CUM-L- 788 -16 |
| AETNA, INC. | : | CIVIL ACTION |
| Defendant. | : | |
| | : | COMPLAINT |

Plaintiff, Rahul Shah, M.D., on assignment of Lorraine J. ("Plaintiff"), by way of

Complaint against Defendant Aetna, Inc., alleges:

## THE PARTIES

1.     At all relevant times, Plaintiff was a healthcare provider in the County of

Cumberland, State of New Jersey.

2.     Upon information and belief, Aetna, Inc. ("Defendant") is primarily engaged in

the business of providing and/or administering health care plans ("Plans") or policies ("Policies")

and was present and engaged in significant activities in the State of New Jersey to sustain this

Court's exercise of *in personam* jurisdiction.

## ANATOMY OF THE CLAIM

3.      This dispute arises from Defendant's refusal to reimburse Plaintiff for the medically necessary and reasonable services provided to Defendant's participant or insured, Lorraine J. ("Patient").

4.      On December 28, 2015, Plaintiff provided medically necessary and reasonable services to Patient. See Exhibit A attached hereto.

5.      Specifically, the Patient underwent a lumbar hemilaminectomy and fusion, among other surgical procedures in the lumbar spine. See Id.

6.      Plaintiff obtained an assignment of benefits from Patient in order to bring this claim under the Employee Retirement Income Security Act of 1974, 29 USC §1002, *et seq.* ("ERISA"). See Exhibit B attached hereto

7.      Pursuant to the assignment of benefits, Plaintiff prepared a Health Insurance Claim Form ("HICF") formally demanding reimbursement in the amount of $210,915.00 from Defendant for the medically necessary services rendered to Patient.  See Exhibit C attached hereto.

8.      Defendant, however, has only paid $37,650.00 for the above referenced treatment. See Exhibit D attached hereto.

9.      Plaintiff engaged in the applicable administrative appeals process maintained by Defendant.  See Exhibit E attached hereto.

10.     Further, Plaintiff requested, among other items, a copy of the Summary Plan Description, Plan Policy, and identification of the Plan Administrator/Plan Sponsor.  See Id

11.     Although Defendant has responded to the appeal, they have not reimbursed Plaintiff in full nor has Defendant provided Plaintiff with a copy of the Summary Plan Description.

12.     Upon information and belief, Defendant is the Claims Administrator for the applicable Plan for Patient.

13.     Taking into account any known deductions, copayments and coinsurance, Defendant's reimbursement amounts to an underpayment of $173,265.00.

14.     Accordingly, Plaintiff brings this action for breach of contract, recovery of the outstanding balance, Defendant's breach of fiduciary duty and co-fiduciary duty, and Defendant's failure to establish/maintain a reasonable claims procedure.

<u>COUNT ONE</u>

**BREACH OF CONTRACT**

15.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1-14 of this Complaint and incorporates same by reference thereto.

16.     Patient was entitled to payment of health benefits from Defendant pursuant to a health Plan administered by Defendant.

17.     Patient assigned that right to payment of health benefits to Plaintiff.

18.     Plaintiff filed a claim for payment of those health benefits.

19.     Upon information and belief, Defendant has failed to make full payment of the health benefits Patient and Plaintiff are entitled to under the Plan or Policy.

20.     As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.    For an Order directing Defendant to pay to Plaintiff $173,265.00;

b.    For an Order directing Defendant to pay to Plaintiff all benefits Plaintiff
      would be entitled to pursuant the Plan or Policy issued or administered by
      Defendant;

c.    For compensatory damages and interest;

d.    For attorneys' fees and costs of suit; and

e.    For such other and further relief as the Court may deem just and equitable.

## COUNT TWO

### FAILURE TO MAKE ALL PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

21.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-20 of this
Complaint and incorporates same by reference hereto.

22.    Plaintiff avers this Count to the extent ERISA governs this dispute.

23.    Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a
beneficiary or participant seeking payment under a Plan.

24.    Plaintiff has standing to seek such relief based on the assignment of benefits
obtained by Plaintiff from Patient.

25.    Upon information and belief, Defendant acted in a fiduciary capacity in
administering any claims determined to be governed by ERISA.

26.    Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA
Plan and Policy.

27.    Upon information and belief, Defendant has failed to make payment pursuant to
the controlling Plan or Policy.

28.    Plaintiff also alleges that Defendant's decision to deny reimbursement was wrongful.

29.    As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.    For an Order directing Defendant to pay to Plaintiff $173,265.00;

b.    For an Order directing Defendant to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendant;

c.    For compensatory damages and interest;

d.    For attorneys' fees and costs of suit; and

e.    For such other and further relief as the Court may deem just and equitable.

## COUNT THREE

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 .S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a)

30.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-29 of this Complaint and incorporates same by reference hereto.

31.    29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

32.    Plaintiff seeks redress for Defendant's breaches of fiduciary duty and/or breaches of co-fiduciary duty under 29 U.S.C. § 1132(a)(3)(B), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a).

33.    29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

34.     Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1)

35.     29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

36.     Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

37.     Here, when Defendant acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other

reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

38.    Here, Defendant breached its fiduciary duties by:

1.  Failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations;

2.  Participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

3.  Failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and

4.  Wrongfully withholding money belonging to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.    For an Order directing Defendant to pay to Plaintiff $173,265.00;

b.    For an Order directing Defendant to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendant;

c.    For compensatory damages and interest;

d.    For attorneys' fees and costs of suit; and

e.    For such other and further relief as the Court may deem just and equitable.

## COUNT FOUR

### FAILURE TO ESTABLISH/MAINTAIN REASONABLE CLAIMS PROCEDURES UNDER 29 C.F.R. 2560.503-1

39.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-38 of this Complaint and incorporates same by reference hereto.

40.    Plaintiff avers this Count to the extent ERISA governs this dispute.

41.     29 C.F.R. 2560.503-1 requires every employee benefit plan establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations.

42.     In particular, 29 C.F.R. 2560.503-1 requires that if a claim for benefits is denied in whole or in part, the administrator of every employee benefit plan shall provide written notice of the determination within 90 days after receipt of the claim by the plan.

43.     29 C.F.R. 2560.503-1 further provides that in the event that a claim for benefits is denied, the written notice of the benefit determination must communicate, *inter alia*, **in a manner calculated to be understood by the person claiming benefits:** (1) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review.

44.     29 C.F.R. 2560.503-1 further provides that every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.

45.     In the case at bar, the employee benefit plan from which Plaintiff claimed benefits did not establish and maintain, in its actual operation of the Plan, procedures that ensured that all relevant time limits and appeal procedures were communicated to the person claiming benefits.

46.     As a consequence of Defendant's failure to provide, in a manner calculated to be understood by the person claiming benefits, including Plaintiff as the beneficiary, and written notice of all relevant time limits and appeals procedures of the Plan in connection with its

adverse benefit determination rendered to Plaintiff, the Plan has failed to comply with the Claims Procedures requirements of 29 C.F.R. 2560.503-1.

47.     29 C.F.R. 2560.503-1 further provides that in the event an employee benefit plan fails to establish **or** follow claims procedures that comply with that regulation, the person claiming benefits shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of ERISA on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.     For an Order that Defendant have not established and maintained claims procedures that comply with 29 C.F.R. 2560.503-1, and that as a result Plaintiff is deemed to have exhausted all required administrative remedies;

b.     For compensatory damages and interest;

c.     For attorneys' fees and costs of suit; and

d.     For such other and further relief as the Court may deem just and equitable.

## NOTICE TO PRODUCE

Pursuant to R. 4:18-1, Plaintiff hereby demands that Defendant produce the following documentation within fifty (50) days as prescribed by the Rules of Court.  Additionally please be advised that the following requests are ongoing and are continuing in nature and Defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1.      A true and exact copy of any and all Health Insurance Policy, Summary Plan
Description, and/or Plan describing the terms and conditions governing the patients who received
services rendered by Plaintiff as described in the Complaint filed in this action.

2.      Copies of representative documents (with private information redacted to comply
with privacy laws) showing payments made by any Defendant entities to the same or similar
healthcare provider as Plaintiff.

3.      Copies of representative documents (with private information redacted to comply
with privacy laws) showing payments made by the Plan to this healthcare provider and similar
healthcare providers for comparable services as an in network service.

4.      Copies of representative documents (with private information redacted to comply
with privacy laws) showing payments made by the Plan to this healthcare provider and similar
healthcare providers for comparable services as an out of network service.

5.      The name, address and contact information of any other party of interest,
specifically the Plan Administrator, Claims Administrator, Third-Party Administrator and /or
additional Insurance Companies.

6.      The name of the publication, database, documentation, Medicare guidelines etc.,
of all documents and databases used by Defendant in computing the Usual and Customary Rates
or the reimbursement rate for out-of-network providers as defined by the relevant Plan.

7.      Provide copies of any and all algorithm(s), formula(s), procedure(s) or fee
schedule(s) used to derive the customary and reasonable reimbursement rate in this matter.

8.      Copies of any and all documentation, including but not limited to manuals,
statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise
relate to the date of service in question or any potential defense to the action in question.

9.    If any Defendant intends to produce the testimony of any expert witnesses at Trial, set forth the names and addresses of each such witness, their area of expertise, the subject matter on which they are expected to testify, and a summary of the grounds of each opinion. Attach a true copy of all written reports provided the Defendant by such witnesses.

### TRIAL COUNSEL DESIGNATION

Michael Gottlieb, Esq., is hereby designated as Trial Counsel in the above matter.

### R. 4:5-1(b)(2) CERTIFICATION

Pursuant to R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of any other action pending in any court, is not the subject of a pending arbitration proceeding and is not the subject of any other contemplated action or arbitration proceeding, except as may be set forth below:

**None.**

I further certify that I know of no non-parties who should be joined in the action pursuant to R. 4:28, or who may be subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts, except as may be set forth below:

**None.**

Dated: Paramus, New Jersey
        November 11, 2016

Respectfully submitted,

CALLAGY LAW, P.C.

By: _____

Michael Gottlieb, Esq.
Mack Cali Centre II
650 From Road – Suite 558
Paramus, New Jersey 07652

Phone: (201) 261-1700
Fax: (201) 549-6236
E-mail: mgottlieb@callagylaw.com

# EXHIBIT A

*This Document Is Generated From The NJSHINE HIE. It Contains Secure Health Information and Should be Treated as Confidential.*

<u>Sending Facility Information</u>
Name: Inspira Medical Center Vineland
Address: 1505 West Sherman Ave
Vineland, NJ 00360
Phone: 856-641-8000



Document: Operative Report (Dr. RAHUL SHAH)                          Status: U
Observation Date/Time: 12/28/2015 12:39:00
Dictating Physician: SHAH, RAHUL
Ordering Physician:
CC Physician: SHAH, RAHUL

SURGEON:           Rahul Shah, MD
HOSPITAL #:        900125006
ACCOUNT #:         000077351704
DATE OF OPERATION:  12/28/2015

PROCEDURE PERFORMED:
Lumbar hemilaminectomy, bilateral T12-L1.
Lumbar instrumentation, nonsegmental T12-L1.
Lumbar fusion, posterolateral posterior interbody T12-L1.
Lumbar autograft, same incision.
Lumbar autograft, separate fascial incision.
Posterior interbody fusion T12-L1.
Lumbar allograft application.
Aborted application biomechanical device, T12-L1.
Intraoperative fluoroscopy.
Neuro monitoring, EMG and SSEP.

ANESTHESIA:
General endotracheal.

ESTIMATED BLOOD LOSS:
100 mL

DRAINS:
None.

SPECIMEN:
None.

SURGEON:
Rahul Shah, MD
ASSISTANTS:
Christian Brenner, PA-C
Andrew Mostello, DO
No qualified resident was available due to scheduling issues.

COMPLICATIONS:
None.

INTRAOPERATIVE FINDINGS:
Stenosis.

IMPLANTS USED:
Medtronic _____ and lateral screws.

INDICATIONS FOR PROCEDURE

The patient is a female with incapacitating back and leg pain with signs and symptoms consistent with stenosis and disc herniation. The patient was inadequately responsive to symptomatic nonoperative treatment including pain medications, steroid medication and activity modification. Offending pathology was demonstrated on preoperative imaging. The risks and benefits, alternatives were re-discussed with the patient prior to surgery. The patient opted to proceed. No guarantees were given.

DESCRIPTION OF PROCEDURE: The patient was brought to the operating room, placed in a supine position. After adequate general endotracheal anesthesia was established, the patient transferred onto the Jackson operating room table. Care was taken to ensure that all bony prominences were padded and the sternal notch was free. The arms were abducted less than 90 degrees and forward flexed less than 90 degrees. The ulnar nerve was well-padded. The knees were free-floating, and the legs had sequential compression devices placed. Using biplanar fluoroscopy, the affected levels were identified. A time-out was declared. Everybody in the room was in agreement about the procedure being performed and preoperative antibiotics were confirmed.

The patient was prepped and draped in the standard sterile fashion. After preinfiltrating with lidocaine with 1:200,000 epinephrine, a 3 inch incision was made through the skin and subcutaneous tissues. The thoracodorsal tissue was then divided and the spinous processes of T11-L2 were exposed. Care was taken to preserve the interspinous ligament. Subperiosteal dissection was carried over the facet joints down to the tip of the transverse processes of T12 as well as L1. Care was taken not to disrupt the facet joints. A Penfield IV was placed to the level of the T12 pedicle in order to confirm levels with fluoroscopy. Once appropriate levels were confirmed, subperiosteal dissection was re-inspected and hemostasis was confirmed.

Visual and tactile anatomic approach to pedicle screw placement was utilized at T12 and L1. Cortical bone at the junction of the pars interarticularis, as well as the mid point of the transverse process, and inferior aspect of the supraarticular process was decorticated using a high speed drill. Then, using a straight gearshift, the pedicle was navigated using fluoroscopy. A feeler probe was used to confirm that the walls of the pedicle were not violated medially and inferiorly. A guidepin was then placed, confirming L4 to the vertebral body and a tamp was advanced over the guidepin to create a channel for the pedicle screw. A feeler probe was once again used to confirm that the medial and inferior walls of the pedicle were not violated. Appropriate sized pedicle screws were then placed. This was carried out at each pedicle and deemed appropriate to accept the pedicle screw. All pedicle screws were then all stimulated. They all stimulated above 10 mv.

Attention was then turned to the left posterior and superior iliac spine. A stab wound incisions were made. A Jamshidi needle was advanced through a separate fascial incision into the iliac crest and bone marrow aspirate along with the iliac crest bone graft were harvested through the separate fascial incision. This was then irrigated and closed with 0 Vicryl, 2-0 vicryl and 3-0 Biosyn stitch.

Attention was turned to the midline incision.

The lamina between the pedicle screw placements were then thinned down using a 00 Leksell rongeur. Attention was turned to areas of stenosis, based on preoperative imaging. Using straight and angled micro curets, a plane between the ligamentum flavum and epidural space was developed. Using a series of 2 and 3 mm Kerrison rongeurs, the lamina and ligamentum flavum were resected. A Murphy ball probe was used to ensure that adequate central subcuticular formal decompression was carried out bilaterally at

T12-L1.  Because of the patient's spinal cord, spinal cord was minimally
retracted and motor evoked potentials were identified and there was no
change in motor evoked potentials noted and there was no evidence of EMG
activity noted.

A complete facetectomy was performed on the left at T12-L1.  Disc space was
confirmed with the Penfield IV.  After the absence of heme and CSF, the
thecal sac was protected along with the exiting nerve root.  The epidural
venous plexus was controlled with Gelfoam pledgets as well as bipolar set
to 10 mV.  Complete discectomy was performed using fluoroscopic guidance,
disc space shavers, and pituitary rongeurs.  EMG activity was monitored.
End plates were then prepared using end plate curets; however, because the
space was still collapsed, appropriate-sized biomechanical device could not
be safely inserted and this was aborted.  Rods were then inserted into
pedicle screws along with set screws and deformity correction was carried
out.  Set screws were then torqued to manufacturer's specifications.
Crosslinks were applied and hemostasis was confirmed.


The wound was then irrigated with Betadine and normal saline solution,
diluted with 35 mL of Betadine to 1000 mL of normal saline.  Three liters
of pulse lavage was then carried out with Bacitracin-laden normal saline.

The transverse processes of  T12-L1 were decorticated with the high speed
bur.  Also, facet joints were decorticated along with posterior elements
including residual lamina as well as pars interarticularis.  Local bone
allograft and autograft of iliac crest bone graft were delivered into the
facet joints, lateral gutters, and transverse processes.

Hemostasis was inspected and noted to be excellent; therefore, the need for
a drain was not needed.  The wound was then closed in layers with 0 Vicryl
for the thoracodorsal layer, 2-0 Vicryl for subcutaneous layer, 3-0 Biosyn
for the skin, followed by Indermil and Steri-strip closure.  All needle and
sponge counts were correct at the end of the case.


Postoperative plan for the patient was sequential compression devices,
antibiotics, and progressive mobilization with weightbearing as tolerated.


RS/mdi
Dictated:    12/28/201512:12 P
*PRELIMINARY REPORT**PRELIMINARY REPORT**PRELIMINARY REPORT*
Transcribed:  12/28/2015 12:39 P                          Rahul Shah, MD
cc:   Rahul Shah, MD

# EXHIBIT B

Premier Orthopaedic Associates of Southern New Jersey
PO Box 2749
Vineland, NJ 08362

Thomas A Dwyer, M.D.
Rahul V. Shah, M.D.
Christian Brenner, PA-C
PO Box 2430
Vineland, NJ 08362

ASSIGNMENT OF BENEFITS
&
LTD. POWER OF ATTORNEY
&
MEDICAL RECORDS AUTHORIZATION

I irrevocably assign to you, my medical provider, all of my rights and benefits under my insurance contract for payment for services rendered to me, including but not limited to, all of my rights under "ERISA" applicable to the medical services at issue. I specifically assign to you all of my rights and claims with regard to the employee health benefits at issue (including claims for the assessment of penalties and for attorneys' fees) arising under ERISA or other federal or state law.
I acknowledge that you have not agreed to waive any applicable co-pay and deductibles. If I cannot afford to pay co-pay and deductible amounts, treatment will not be denied and specific arrangement will be made between us.
I authorize you to file insurance claims on my behalf for services rendered to me and this specifically includes filing arbitration/litigation in your name on my behalf against the PIP carrier/health care carrier. I irrevocably authorize you to retain an attorney of your choice on my behalf for collection of your bills. I direct that all reimbursable medical payments go directly to you, my medical provider. I authorize and consent to your acting on my behalf in this regard and in regard to my general health insurance coverage. I specifically authorize you to pursue any administrative appeals conducted pursuant to "ERISA" or other plan guidelines.
I do not believe my employee or private health benefits plan would prohibit this assignment, but should same be the case, or should my assignment be challenged or deemed invalid, I execute this limited/special power of attorney and hereby appoint and authorize your collection-attorney as my agent and attorney-in-fact to collect payment for your medical services directly against the carrier in this case, in my name, including filing an arbitration demand or lawsuit. I specifically authorize that attorney to file directly against that carrier in my name or in your name, as a medical provider rendering services to me and designate your collection attorney as my attorney in fact. I further grant limited power of attorney to you as my medical provider to receive and collect directly from the insurance carrier money due you for services rendered to me in this matter and hereby instruct the insurance carrier to pay you directly any monies due you for medical services you rendered to me.  I authorize you and or your attorney to receive from my insurer, immediately upon verbal request, all information regarding last payment made by said insurer on my claim, including date of payment and balance of benefits remaining.

I authorize you and or your attorney to obtain medical information regarding my physical condition from any other health care provider, including hospitals, diagnostic centers, etc., and I specifically authorize such health care provider(s) to release all such information to you about me, including medical reports, X-ray reports, narrative reports, and any other report or information regarding my physical condition.

Dated: 1-12-16                    Signed

# EXHIBIT C

Type:   Refile
User:   ytorres

AETNA
PO BOX 981106
EL PASO, TX 79998

HEALTH INSURANCE CLAIM FORM

W198451643

AETNA

SIGNATURE ON FILE

SIGNATURE ON FILE

E9ABCRKJ50003

| | DATES OF SERVICE | | | | PROCEDURES, SERVICES, OR SUPPLIES | | DIAGNOSIS POINTER | $ CHARGE | DAYS OR UNITS | | RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12 28 2015 | 12 28 2015 | 21 | 22633 | | abcd | 46042 00 | 1 | | 1235242934 |
| 2 | 12 28 2015 | 12 28 2015 | 21 | 63030 | 50 59 | abcd | 88000 00 | 1 | | 1235242934 |
| 3 | 12 28 2015 | 12 28 2015 | 21 | 63047 | 59 | abcd | 37481 00 | 1 | | 1235242934 |
| 4 | 12 28 2015 | 12 28 2015 | 21 | 22851 | 53 | abcd | 12480 00 | 1 | NPI | 1235242934 |
| 5 | 12 28 2015 | 12 28 2015 | 21 | 22840 | | abcd | 19968 00 | 1 | NPI | 1235242934 |
| 6 | 12 28 2015 | 12 28 2015 | 21 | 20930 | | abcd | 1040 00 | 1 | NPI | 1235242934 |

157809128

6290-22961

RMC INPATIENT
1051 WEST SHERMAN AVE
VINELAND, NJ 08360

205011 00     0 00   205011 00

RAHUL SHAH M.D.
PO BOX 2430
VINELAND, NJ 08362

( 855 ) 7771056

AUTOMATED SIGNATURE
RAHUL SHAH M.D.

04/04/2016

1184487642

1235242934

PLEASE PRINT OR TYPE

Type: Refile
User: ytorres

AETNA
PO BOX 981106
EL PASO, TX 79998

**HEALTH INSURANCE CLAIM FORM**
APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE 02/12

CARRIER

| MEDICARE | MEDICAID | TRICARE | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S ID NUMBER (For Program in Item 1) |
|---|---|---|---|---|---|---|---|
| | | | | | | X | W198451643 |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)

[black redaction block]

PLACE (State)

11. INSURANCE PLAN NAME OR PROGRAM NAME

AETNA

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
☐ YES ☒ NO   If yes, complete items 9, 9a and 9d.

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE

SIGNED   **SIGNATURE ON FILE**   DATE

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE

SIGNED   **SIGNATURE ON FILE**

14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP)

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM   TO

17. NAME OF REFERRING PROVIDER OR OTHER SOURCE

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM   12  28  2016   TO

19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC)

20. OUTSIDE LAB?   ☐ YES ☐ NO   $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY   ICD Ind. 0

| | | | |
|---|---|---|---|
| A. M4326 | B. M5124 | C. M4804 | D. M5415 |

22. RESUBMISSION CODE

ORIGINAL REF. NO.   E9ABORKJ50003

23. PRIOR AUTHORIZATION NUMBER

| 24. A DATE(S) OF SERVICE From / To | B PLACE OF SERVICE | C EMG | D PROCEDURES, SERVICES, OR SUPPLIES | E DIAGNOSIS POINTER | F $ CHARGES | G DAYS OR UNITS | H EPSDT | I ID QUAL | J RENDERING PROVIDER ID # |
|---|---|---|---|---|---|---|---|---|---|
| 12 28 2016 12 28 2016 | 21 | | 20936 | abcd | 2597 00 | 1 | | NPI | 1235242934 |
| 12 28 2016 12 28 2016 | 21 | | 20937 | abcd | 2173 00 | 1 | | NPI | 1235242934 |
| 12 28 2016 12 28 2016 | 21 | | 27003 26 | abcd | 334 00 | 1 | | NPI | 1235242934 |
| | | | | | | | | NPI | |
| | | | | | | | | NPI | |
| | | | | | | | | NPI | |

| 25. FEDERAL TAX I.D. NUMBER | SSN EIN | 26. PATIENT'S ACCOUNT NO. | 27. ACCEPT ASSIGNMENT? | 28. TOTAL CHARGE | 29. AMOUNT PAID | 30. |
|---|---|---|---|---|---|---|
| 157809128 | ☐ ☒ | 6290-22961 | ☒ YES ☐ NO | 5104 00 | 0 00 | 5104 00 |

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS

AUTOMATED SIGNATURE
RAHUL SHAH M.D.
SIGNED   04/01/2016

32. SERVICE FACILITY LOCATION INFORMATION
RMC INPATIENT
1051 WEST SHERMAN AVE
VINELAND, NJ 08360

a. 1164467542

33. BILLING PROVIDER INFO & PH # ( 856 ) 7771056
RAHUL SHAH M.D.
PO BOX 2430
VINELAND, NJ 08362

a. 1235242934

# EXHIBIT D

AETNA
151 FARMINGTON AVENUE
HARTFORD CT, 06156

SHAH, RAHUL V
PO BOX 2430
VINELAND NJ, 083622430

| | | |
|---|---|---|
| PROVIDER #: | | 1235242934 |
| DATE: | | 03/22/2016 |
| CHECK/EFT #: | | 09822-025120317 |
| CHECK AMT: | | 8304.16 |
| STYLE: | | ALL TRANSACTIONS |

| REND PROV | SERV DATE | POS NOS | PROC | MODS | BILLED | ALLOWED | DEDUCT | COINS | GRP/PST/RC-AMT | | PROV PD/PST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NAME █████ | | HIC W198451643 | | ACNT 6290 | | | | ICN E9ABQRKJ50003 | | MOA | |
| 1235242934 | 1228 | 122815 21 | 1 63047 | | 19968.00 | 7500.00 | 0.00 | 3000.00 | PR-45 | N 12468.00 | 4500.00 Y |
| | | | (1 22040) | | | | | | | | |
| REM: N130 | | | | | | | | | | | |
| PT RESP | 15468.00 | | CLAIM TOTALS | | 19968.00 | 7500.00 | 0.00 | 3000.00 | | 0.00 | 4500.00 |
| (Prim) ADJ TO TOTALS: PREV PD | | | INTEREST | | 0.00 | | LATE FILING CHARGE | | 0.00 | NET | 4500.00 |

| REND PROV | SERV DATE | POS NOS | PROC | MODS | BILLED | ALLOWED | DEDUCT | COINS | GRP/PST/RC-AMT | | PROV PD/PST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NAME █████ | | HIC W198451643 | | ACNT 6290 | | | | ICN E9ABQRKJ50001 | | MOA | |
| 1235242934 | 1228 | 122815 21 | 1 20937 | | 2173.00 | 2173.00 | 0.00 | 069.20 | | | 1303.80 Y |
| 1235242934 | 1228 | 122815 21 | 1 20936 | | 2597.00 | 2597.00 | 0.00 | 0.00 | PR-97 | N 2597.00 | 0.00 N |
| REM: N19 | | | | | | | | | | | |
| | | | REASON NOT POSTED: 0$ Payment needs PR, Deduct, or CoIns on Proc in order to post 0$ payments | | | | | | | | |
| 1235242934 | 1228 | 122815 21 | 1 20930 | | 1840.00 | 1840.00 | 0.00 | 0.00 | PR-97 | N 1840.00 | 0.00 N |
| REM: N19 | | | | | | | | | | | |
| | | | REASON NOT POSTED: 0$ Payment needs PR, Deduct, or CoIns on Proc in order to post 0$ payments | | | | | | | | |
| PT RESP | 5306.20 | | CLAIM TOTALS | | 6610.00 | 6610.00 | 0.00 | 069.20 | | 0.00 | 1303.80 |
| (Prim) ADJ TO TOTALS: PREV PD | | | INTEREST | | 0.00 | | LATE FILING CHARGE | | 0.00 | NET | 1303.80 |

| REND PROV | SERV DATE | POS NOS | PROC | MODS | BILLED | ALLOWED | DEDUCT | COINS | GRP/PST/RC-AMT | | PROV PD/PST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NAME █████ | | HIC W198451643 | | ACNT 6290 | | | | ICN E9ABQRKJ50000 | | MOA | |
| 1235242934 | 1228 | 122815 21 | 1 63047 26 | | 334.00 | 334.00 | 0.00 | 0.00 | PR-97 | N 334.00 | 0.00 N |
| | | | (1 77003 26) | | | | | | | | |
| REM: N19 | | | | | | | | | | | |
| | | | REASON NOT POSTED: 0$ Payment needs PR, Deduct, or CoIns on Proc in order to post 0$ payments | | | | | | | | |
| 1235242934 | 1228 | 122815 21 | 1 63030 50 59 | | 80000.00 | 4200.00 | 0.00 | 1680.00 | PR-59 | N 83000.00 | 2520.00 Y |
| PT RESP | 85014.00 | | CLAIM TOTALS | | 80334.00 | 4534.00 | 0.00 | 1680.00 | | 0.00 | 2520.00 |
| (Prim) ADJ TO TOTALS: PREV PD | | | INTEREST | | 0.00 | | LATE FILING CHARGE | | 0.00 | NET | 2520.00 |

GLOSSARY:

PR45    Charge exceeds fee schedule/maximum allowable or contracted/legislated fee arrangement. (Use only with Group Codes PR or CO depending upon liability)

PR59    Processed based on multiple or concurrent procedure rules. (For example multiple surgery or diagnostic imaging; concurrent anesthesia.) Note: Refer to the '835 Healthcare Policy Identification Segment (loop 2110 Service Payment Information REF), if present.

PR97    The benefit for this service is included in the payment/allowance for another service/procedure that has already been adjudicated. Note: Refer to the '835 Healthcare Policy Identification Segment (loop 2110 Service Payment Information REF), if present.

N130    Consult plan benefit documents/guidelines for information about restrictions for this service.

N19     Procedure code incidental to primary procedure.

AETNA
151 FARMINGTON AVENUE
HARTFORD CT, 06156

SHAH, RAHUL V
PO BOX 2430
VINELAND NJ, 083622430

| | |
|---|---|
| PROVIDER #: | 1235242934 |
| DATE: | 03/21/2016 |
| CHECK/EFT #: | 09822-025107189 |
| CHECK AMT: | 14236.50 |
| STYLE: | ALL TRANSACTIONS |

| REND PROV | SERV DATE | POS MOS | PROC | MODS | BILLED | ALLOWED | DEDUCT | COINS | GRP/PST/RC-AMT | | PROV PD/PST | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| NAME ▮▮▮▮▮ | | RIC #L98451643 | | ACNT 6200 | | | | ICN R5ABQRKO50002 | | HOA | | |
| 1235242934 | 1228 122815 21 | 1 | 63047 | 50 59 | 37481.00 | 6231.50 | 0.00 | 2492.60 | PR-59 | N 31249.50 | | 3738.90 Y |
| 1235242934 | 1228 122815 21 | 1 | 22851 | 53 | 12480.00 | 2496.00 | 0.00 | 998.40 | PR-45 | N 9984.00 | | 1497.60 Y |
| REM: N130 | | | | | | | | | | | | |
| 1235242934 | 1228 122815 21 | 1 | 22633 | | 46042.00 | 15000.00 | 0.00 | 6000.00 | PR-45 | N 31042.00 | | 9000.00 Y |
| REM: N130 | | | | | | | | | | | | |
| PT RESP | 21766.50 | | CLAIM TOTALS | | 96003.00 | 23727.50 | 0.00 | 9491.00 | | 0.00 | | 14236.50 |
| (Prin) ADJ TO TOTALS: PREV PD | | | INTEREST | | 0.00 | | LATE FILING CHARGE | | 0.00 | NET | | 14236.50 |

GLOSSARY:

PR45    Charge exceeds fee schedule/maximum allowable or contracted/legislated fee arrangement. (Use only with Grou
        p Codes PR or CO depending upon liability)

PR59    Processed based on multiple or concurrent procedure rules. (For example multiple surgery or diagnostic imag

        ing, concurrent anesthesia.) Note: Refer to the 835 Healthcare Policy Identification Segment (loop 2110 Serv
        ice Payment Information REF), if present.

N130    Consult plan benefit documents/guidelines for information about restrictions for this service.

# EXHIBIT E

September 21, 2016



**CALLAGY LAW**
Courageous·Compassionate·Committed

Mack-Cali Centre II
650 From Rd – Suite 565
Paramus, New Jersey 07652
Email: info@callagylaw.com
Web: callagylaw.com
Office: 201.261.1700
Fax:    201.261.1775

Sean R. Callagy+*

**Partner**
Michael J. Smikun+*
Benjamin D. Light+
David L. Aromando+*
Brian P. McCann+*
Christopher R. Cavalli+

JoAnne Baio LaGreca+*
Jennifer Chapla+*^
Thomas LaGreca*
James Greenspan+*
Tamara E. Kotsev+
Lynne Goldman+*
Christopher R. Miller+
Samuel S. Saltman+
Michael Gottlieb+*
Alethia Scipione#
Robert J. Solomon+*
Casey L. Wertheim+
Robert B. Kress+

+Member of the New Jersey Bar
*Member of the New York Bar
^Member of the Connecticut Bar
#Member of the Arizona Bar

**New York Office:**
1133 Broadway
Suite 708
New York, NY 10010
(Reply to NJ Office)

**Arizona Office:**
668 North 44th St
Suite 300
Phoenix, AZ 85008
Office: 602.687.5844

**Via Mail & Fascimile (859-455-8650)**
Aetna
Provider Resolution Team
PO Box 14020
Lexington, KY 40512

RE:   Provider: Shah, Rahul M.D., FAAOS
         Date of Service: 2015-12-28
Patient: ████████████
Claim #: W198451643

Dear Appeal Department Representative,

We represent the provider named above who has obtained an assignment of benefits from the patient named above as such this firm is the patient's authorized representative for purposes of the appeal requested below.

Kindly be advised that this firm, and more specifically the undersigned, represents Shah, Rahul M.D., FAAOS in the above-referenced matter. Kindly accept this **SECOND NOTICE OF APPEAL**.
**We represent the provider named above who has obtained an assignment of benefits from the patient named above as such this firm is the patient's authorized representative for purposes of the appeal requested below.**

Attached hereto, please find the following documents that Shah, Rahul M.D., FAAOS is relying upon in support of this appeal:

1. Health Insurance Claim Form ("HICF") for ████████████
2. Operative Report and relevant records for ███████████ and
3. Exemplar Explanations of Benefits ("EOB") supporting the billed charges.

The Health Insurance Claim Forms ("HICF") submitted by the provider to the claim payer and the Explanations of Benefits ("EOB") that that claim payer sends to the provider set forth the amounts billed and amounts paid in this case. The HICF is a single-sided, one page document which lists all of the medical services performed on a particular date or dates of service. The amount billed is seen side-by-side with the procedure or service that supports the charge. The EOB again provides the amount billed for procedure or service performed on a particular date of services. Additionally, the EOB provides the amount paid and, where applicable, codes that correspond to reasons for a disparity in the amount billed and the amount paid. Thus, these two documents are necessarily the starting point for establishing the particular provider's UCR rate in a particular case.

The Court in <u>Cobo by Hudson Physical Therapy Services v. Market Transition Facility</u>, 293 N.J. Super. 374 (App. Div. 1996), found that it was necessary to look to a "[providers] billing history, and the disparity in the fees charged to different insurance carriers." <u>Id</u>. at 387. Here, the most effective and meaningful way to determine Shah, Rahul M.D., FAAOS's rates is by looking at the amounts billed and the amounts paid by that particular medical provider. The amount billed is critical as it establishes a pattern demonstrating the usual fees billed by the provider. The amount paid is equally important as it establishes that a claim payer has reviewed the bill and determined that the services provided were medically necessary and reasonable.

Additionally, the Exemplar EOBs submitted herein by the provider establish the Usual and Customary Rates charged by other providers providing similar and/or identical services in the same relevant geographic area. As you can see from these Exemplar EOBs, the rates charged by Shah, Rahul M.D., FAAOS for the services in this case are similar or identical to the rates charged by other medical providers in the same geographic area for the same or similar services. These are the proofs on which the provider herein relies in defending its billed charges as Usual and Customary Rates for the services provided to ▮▮▮▮▮▮▮▮

Specifically, the documents attached show that Shah, Rahul M.D., FAAOS charged $210,915.00. The Exemplar EOBs for Shah, Rahul M.D., FAAOS and other medical providers of similar and/or identical services demonstrate that the amounts billed by and paid in those other matters are the same or close to the amounts billed in the instant matter. As a preliminary matter, this establishes that the amounts billed by Shah, Rahul M.D., FAAOS are Usual and Customary Rates based on the prevailing rate billed for services by a similar healthcare provider. Moreover, in light of the fact that these bills were reviewed and reimbursed by multiple claim payors, they are reasonable.

On behalf of Shah, Rahul M.D., FAAOS, we have previously requested that you provide documentation you believe supports your different determination of Usual and Customary Rates. Specifically, we requested that you provide the following documentation at the time of our First Appeal:

- The name, address and contact information of any other party of interest including but not limited to the Plan Administrator and named or un-named fiduciaries, Claims Administrator, Third-Party Administrator, additional Insurance Companies involved in the claims process, and any other entities involved in the claims process;
- A true and exact copy of the applicable Health Insurance Policy, Summary Plan Description, and Plan for the time period at issue;
- The Plan Name, Plan Sponsor (including its name and address for service of legal process); Plan Claim Appeal Procedure, including all deadlines for filing appeals;
- Complete Explanation of Benefits, or Adverse Benefit Determination;
- The specific reason(s) for your denial of the full amount of the claim submitted;
- Reference to the specific Plan provisions on which your determination was based;
- A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
- The methodology by which you computed the Usual and Customary Rate, including copies of all specific rules, guidelines, protocols, or other similar criteria on which you relied in making this benefit determination;
- If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances;

- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as in network service;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as out of network service;
- The name of the publication, database, documentation, Medicare guidelines etc., of all documents and databases used in computing the Usual and Customary Rate, and copies of all such documents;
- Provide copies of any and all algorithm, formula, procedure or fee schedule used to derive the customary and reasonable reimbursement rate in this matter;
- Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the computation of reimbursement for the date of service in question.

To the extent this information has not been previously requested, we are hereby requesting it today. This request for documents is pursuant to United States Department of Labor regulations requiring Plans to make disclosure of its claims procedures.  See 29 C.F.R. 2560.503-1.  **The Plan is required to provide this requested documentation upon request and free of charge.**

This requested information is critical for us to analyze whether your determinations violate the Plan's fiduciary obligation to make benefit determinations in the interests of the Plan's beneficiaries.  To date, you have not provided this documentation.  As you are aware, the law requires you to provide this documentation based upon our previous request, and provides penalties to the Plan Administrator for failure to comply with this request.  **If you do not turn over all of these requested documents, we will seek to enforce the applicable penalty provisions in a Court of competent jurisdiction.  Furthermore, if you continue to refuse to disclose the basis and methodology of the Plan's benefit determination in this case, we will argue that your unsupported benefit determination is arbitrary and capricious, and/or that it violates the Plan's fiduciary duty in the making of benefit determinations.  If your refusal to provide this documentation leads to us filing a lawsuit, we will seek reimbursement of costs and fees, including reasonable attorney's fees as allowed by Section 502(g) of ERISA, in such action.**

For the foregoing reasons, Shah, Rahul M.D., FAAOS respectfully requests that your initial adverse claim determination be modified and additional payment be issued without delay.

Very truly yours,
CALLAGY LAW, PC

Medical Collection Representative

Encl.
MG/jc

### STRATEGIC PRACTICE SOLUTIONS
650 From Rd Suite 405
Paramus, NJ 07652
W (855) 777-1056 X205  *  F (201) 549-6330

## REQUEST FOR INTERNAL APPEAL/SECOND LOOK FROM DENIAL, REDUCTION, AND/OR NON-PAYMENT

**August 1, 2016**

Aetna
Attn: Appeals
PO Box 14020
Lexington, KY 40512

Member ID: W198451643
Provider Tax ID: 157809128
Date of service: 12/28/2015  claim# E9ABQRKJ50000-03

Dear Appeals Representative,

Regarding the above captioned matter, kindly accept this letter as our formal request for internal appeal/second look. Please re-review all records, reports and documentation we have previously supplied in our prior notices, pre-certification requests, appeals and billing.

Attached you will find EOBs showing charges for services rendered on 12/28/2015 where claim wasn't paid according to usual and customary rates. Per your denial of the reconsideration request, it states, claim was processed per 80th percentile. I have taken the liberty of checking the codes in Encoderpro under 80th percentile. Claim was paid significantly lower than the suggested rate for our area. Please have this claim reprocessed correctly and submitted for payment.

In furtherance of its request for benefits on behalf of ████████ Dr. Rahul Shah **FORMALLY REQUESTS** that you provide the following documents immediately:

- The name, address and contact information of any other party of interest, including but not limited to the Plan Administrator, Claims Administrator, any named or un-named fiduciaries, Third-Party Administrator, additional Insurance Companies involved in the claims process, and any other entities involved in the claims process;
- A true and exact copy of the applicable Health Insurance Policy, Summary Plan Description, and Plan for the time period at issue;
- The Plan Name, Plan Sponsor (including its name and address for service of Complaint);
- Plan Claim Appeal Procedure, including all deadlines for filing appeals;
- Explanation of Benefits, or Adverse Benefit Determination, legal process;
- The specific reason(s) for your denial of the full amount of the claim submitted;
- Reference to the specific Plan provisions on which your determination was based;

**STRATEGIC PRACTICE SOLUTIONS**
650 From Rd Suite 405
Paramus, NJ 07652
W (855) 777-1056 X205  *  F (201) 549-6330

- A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
- The methodology by which you computed the Usual and Customary Rate, including copies of all specific rules, guidelines, protocols, or other similar criteria on which you relied in making this benefit determination;
- If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an in network service;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an out of network service;
- The name of the publication, database, documentation, Medicare guidelines etc., of all documents and databases used in computing the Usual and Customary Rate, and copies of all such documents;
- Provide copies of any and all algorithm, formula, procedure or fee schedule used to derive the customary and reasonable reimbursement rate in this matter;
- Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the computation of reimbursement for the date of service in question.

This request for documents is pursuant to United States Department of Labor regulations requiring Plans to make disclosure of its claims procedures. See 29 C.F.R. 2560.503-1. **The Plan is required to provide this requested documentation upon request and free of charge.**

This request also comports with U.S. Department of Labor regulations that provide, "[a] Plan's claims procedures may not preclude an authorized representative (including a health care provider) from acting on behalf of a Claimant..." As the authorized representative of Dr. Rahul Shah, the Plan is required by law to provide this documentation to us forthwith.

Kindly note, an enrollee/beneficiary may file suit against a Plan Administrator who fails to comply with the enrollee's/beneficiary's request for documentation purporting to support the Plan's benefit determinations. Section 502(a)(1)(A) of ERISA and its implementing regulations require the Plan Administrator to provide these documents upon request to the enrollee/beneficiary no more than thirty (30) days after such request has been made. The Plan Administrator may be held liable for up to $110.00 per day for each day he/she fails to provide this required disclosure of documentation to the enrollee/beneficiary. As set forth above, this is a formal request for disclosure of documents pursuant to Department of Labor regulations, for the purpose of enabling us to evaluate whether the Plan has properly exercised its discretion in its benefit determination.

**STRATEGIC PRACTICE SOLUTIONS**
650 From Rd Suite 405
Paramus, NJ 07652
W (855) 777-1056 X205  *  F (201) 549-6330

If this appeal requires additional documentation pursuant to ███████████ plan or policy, kindly advise the undersigned via letter or facsimile.

Should you have any questions, feel free to contact me.

I look forward to your prompt attention to this matter.

Sincerely,

Yesenia Torres
Billing Dept. Representative on behalf of Dr. Rahul Shah

# STRATEGIC PRACTICE SOLUTIONS
650 From Rd Suite 405
Paramus, NJ 07652
W (855) 777-1056 X205  *  F (201) 549-6330

### REQUEST FOR INTERNAL APPEAL/SECOND LOOK FROM DENIAL, REDUCTION, AND/OR NON-PAYMENT

March 19, 2015

Aetna
Attn: Appeals
PO Box 14020
Lexingon, KY 40512

███████████████

Member ID: W198451643
Provider Tax ID: 157809128
Date of service: 12/28/2015

Dear Appeals Representative,

Regarding the above captioned matter, kindly accept this letter as our formal request for internal appeal/second look. Please re-review all records, reports and documentation we have previously supplied in our prior notices, pre-certification requests, appeals and billing.

We hereby appeal any and all denials, reductions, and non-payments of services. All the services requested and/or provided are medically necessary. All fees billed are our usual, customary and reasonable and are based on the Optum Health (Formerly Ingenix) Fee Analyzer. At this reasonable rate all fees should be paid at 100% of billed charges to avoid charging your member the remainder. Any charges eligible for a 50% reduction should be paid at 50% of our billed charge.

Attached you will find an EOB showing charges for services rendered on 12/28/2015 where amount paid was $22,650.30. Please note, Dr. Rahul Shah is a non participating provider with any insurance plan and should be paid at full usual and customary charges. Amount received is below usual and customary rates for our area. Please issue additional payment to avoid balance being patient's responsibility.

As stated above our fees are usual and customary based on *Optum* and are expected to be paid at 100% of billed charges. Any balance not covered by the insurance company will be billed to the member with a 1.5% monthly interest.

In furtherance of its request for benefits on behalf of ██████████████ Dr. Rahul Shah **FORMALLY REQUESTS** that you provide the following documents immediately:

- The name, address and contact information of any other party of interest, including but not limited to the Plan Administrator, Claims Administrator, any named or un-named

STRATEGIC PRACTICE SOLUTIONS
650 From Rd Suite 405
Paramus, NJ 07652
W (855) 777-1056 X205 * F (201) 549-6330

fiduciaries, Third-Party Administrator, additional Insurance Companies involved in the claims process, and any other entities involved in the claims process;

- A true and exact copy of the applicable Health Insurance Policy, Summary Plan Description, and Plan for the time period at issue;
- The Plan Name, Plan Sponsor (including its name and address for service of Complaint);
- Plan Claim Appeal Procedure, including all deadlines for filing appeals;
- Explanation of Benefits, or Adverse Benefit Determination, legal process;
- The specific reason(s) for your denial of the full amount of the claim submitted;
- Reference to the specific Plan provisions on which your determination was based;
- A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
- The methodology by which you computed the Usual and Customary Rate, including copies of all specific rules, guidelines, protocols, or other similar criteria on which you relied in making this benefit determination;
- If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an in network service;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an out of network service;
- The name of the publication, database, documentation, Medicare guidelines etc., of all documents and databases used in computing the Usual and Customary Rate, and copies of all such documents;
- Provide copies of any and all algorithm, formula, procedure or fee schedule used to derive the customary and reasonable reimbursement rate in this matter;
- Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the computation of reimbursement for the date of service in question.

This request for documents is pursuant to United States Department of Labor regulations requiring Plans to make disclosure of its claims procedures. See 29 C.F.R. 2560.503-1. **The Plan is required to provide this requested documentation upon request and free of charge.**

This request also comports with U.S. Department of Labor regulations that provide, "[a] Plan's claims procedures may not preclude an authorized representative (including a health care provider) from acting on behalf of a Claimant...," As the authorized representative of Dr. Rahul Shah, the Plan is required by law to provide this documentation to us forthwith.

**STRATEGIC PRACTICE SOLUTIONS**
650 From Rd Suite 405
Paramus, NJ 07652
W (855) 777-1056 X205 * F (201) 549-6330

Kindly note, an enrollee/beneficiary may file suit against a Plan Administrator who fails to comply with the enrollee's/beneficiary's request for documentation purporting to support the Plan's benefit determinations. Section 502(a)(1)(A) of ERISA and its implementing regulations require the Plan Administrator to provide these documents upon request to the enrollee/beneficiary no more than thirty (30) days after such request has been made. The Plan Administrator may be held liable for up to $110.00 per day for each day he/she fails to provide this required disclosure of documentation to the enrollee/beneficiary. As set forth above, this is a formal request for disclosure of documents pursuant to Department of Labor regulations, for the purpose of enabling us to evaluate whether the Plan has properly exercised its discretion in its benefit determination.

If this appeal requires additional documentation pursuant to ███████████ plan or policy, kindly advise the undersigned via letter or facsimile.

Should you have any questions, feel free to contact me.

I look forward to your prompt attention to this matter.

Sincerely,

Yesenia Torres
Billing Dept. Representative on behalf of Dr. Rahul Shah

**۸Aetna®**

Aetna – Provider Resolution Team
P.O. Box 14020
Lexington, KY 40512
Or fax to: (859) 455-8650

**YOU MUST COMPLETE A SEPARATE APPLICATION FOR EACH CLAIM APPEALED**
**SIGNATURE MUST BE COMPLETE AND LEGIBLE. THIS FORM MUST BE DATED.**

### A. Provider Information

| 1. Provider Name: Rahul Shah, MD | 2. TIN/NPI: 157809128 |
|---|---|

3. Provider Group (if applicable): . . . . . . . ...

| 4. Contact Name: Yesenia T. | 5. Title: biller |
|---|---|

6. Contact Address:
.650 From Rd. Ste 405 Paramus, NJ 07652

| 7. Phone: 201-977-6354 | 8. Fax: 201-537-5541 | 9. Email: |
|---|---|---|

### B. Patient Information

| [redacted] | 2. Ins. ID: W98451643 |
|---|---|

3. Did You Attach a copy of (check the appropriate response): [redacted]
a. The assignment of benefits? ☒ Yes ☐ No ☐ NA
b. The Consent to Representation in Appeals of Utilization Management Determinations and
Authorization to Release of Medical Records for UM Appeal and Arbitration of Claims?
(Consent form is required for review of medical records if the matter goes to arbitration.) ☒ Yes ☐ No

### C. Claim Information

| 1. Claim Number (if known): | 2. Date of Service: 12/28/2015 |
|---|---|

3. Authorization Number:

4. Claim filing method (check only one):
a. ☒ electronic (submit a copy of the electronic acceptance report from Our clearinghouse or Us)
b. ☐ facsimile (submit a copy of the fax transmittal)
c. ☐ paper claim by mail or courier service (submit a copy of the delivery confirmation evidence)

5. Check the reason(s) why you are filing this appeal (check all that apply and be specific about billing codes and reason for dispute):
a. ☐ Action has not been taken on this claim
b. ☐ Dispute of a denied claim → provide date of denial: ___/___/___
c. ☐ Claim was paid but not in a timely manner (provide more information):
    ☐ Yes ☐ No  Additional information was requested?  If yes, date: ___/___/___
    ☐ Yes ☐ No  Additional information provided?  If yes, date: ___/___/___
    ☐ Yes ☐ No  Prompt Payment Interest paid correctly?
d. ☒ Claim was paid, but the amount paid is in dispute
e. ☐ Codes in dispute ___/___/___ ___/___/___ ___/___/___ ___/___/___
f. ☐ Dispute of an overpayment or the amount of overpayment (Attach a copy of overpayment request)
g. ☐ Dispute of carrier's offset amount against this claim (Attach a copy of A/R)

### D. Reason for Appeal (Required)

Dr. Rahul Shah is an out of network provider. Claim was not paid at usual and customary rates for our area. Please issue additional payment to avoid balance billing your member.

| **Ⲭ Aetna** | Aetna – Provider Resolution Team<br>P.O. Box 14020<br>Lexington, KY 40512<br>Or fax to: (859) 455-8650] |
|---|---|

| Provider Name: Rahul Shah, MD | Contact Number:_____ |
|---|---|
| Member Name ███████████████ | DOS: 12/28/2015 |

**You may provide additional information in an attachment to explain why you are disputing Our handling of the claim. You must be specific about billing codes and reason for dispute.**

The following should be submitted with your appeal (copies only):

- The relevant claim form
- The relevant Explanation(s) of Benefits or Remittance Advice
- A statement specifying the line items that you are appealing
- Copies of any overpayment requests or A/R notice
- Information We previously requested that you have not yet submitted, if available
- Itemization of the provider contract provisions you believe We are not complying with, including a copy of the pertinent section of your contract
- Pertinent correspondence between you and Us on this matter
- A description of pertinent communications between you and Us on this matter that were not in writing
- Relevant sections of the National Correct Coding Initiative (NCCI) or other coding support you relied upon IF the dispute concerns the disposition of billing codes
- Other documents you may believe support your position in this dispute (this may include medical records)

Attachments:  ☒ Yes    ☐ No

Signature: _____    Date: 04 / 04 / 16

---

## Important to Note

In order to ensure your Internal Payment Appeal is eligible to meet processing requirements for the
**External Binding Arbitration Program**

- The Internal Appeal Form must be sent to the address posted on Our website;
- The Internal Appeal Form must have a complete signature (first and last name);
- The Internal Appeal Form Must be Dated;
- There is a signed and dated Consent to Representation in Appeals of UM Determinations and Authorization for release of Medical records in UM Appeals and Independent Arbitration of Claims Form