IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHUL SHAH, MD on assignment of LORRAINE J., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action No. 17-195 (JBS/JS) |
| v. | |
| AETNA, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE, District Judge:**

This dispute arises from Defendant Aetna Life Insurance's ("Aetna") alleged refusal to fully reimburse Plaintiff Dr. Rahul Shah for medical services provided to Lorraine J., a patient who is a member of an Aetna health insurance plan. Before the Court is Defendant's partial motion to dismiss counts one, three, and four of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Item 5.] For the reasons that follow, the Court will grant in part and deny in part Aetna's motion.

The Court finds as follows:

1. **Factual and Procedural Background.** The facts of this case are straightforward.[1] On December 28, 2015, Dr. Shah performed back surgery to Lorraine J., a patient who holds a health benefit plan administered by Aetna. (Complaint ¶¶ 3-6,

---

[1] The Court accepts as true for the purposes of the instant motions the following facts as alleged in the Complaint.

12.)² Dr. Shah prepared a Health Insurance Claim Form ("HICF") demanding reimbursement from Aetna in the amount of $210,915 for those services, but Aetna has paid only $37,650 for the patient's treatment. (Id. ¶¶ 7-8.) Dr. Shah alleges that he is entitled to the $173,265 difference under the terms of his patient's plan. (See generally id.) The parties agree that the health benefit plan at issue is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").

2. After engaging in Aetna's administrative appeals process, Dr. Shah filed a four-count complaint in the Superior Court of New Jersey, Law Division, Cumberland County, which Aetna timely removed. [Docket Item 1.] The Complaint brings causes of action for (1) breach of contract, (2) denial of benefits under § 1132(a)(1)(B), (3) breach of fiduciary duty in violation of § 1132(a)(3), and (4) failure to maintain reasonable claims procedures pursuant to 29 C.F.R. 2560.503-1. In lieu of an answer, Aetna moves to dismiss counts one,³ three,

---

² Dr. Shah purportedly obtained an assignment of benefits from Lorraine J., allowing him to sue his patient's insurer under ERISA. (Id. ¶ 6.) Because Aetna does not challenge the sufficiency of the assignment, the Court presumes that Dr. Shah has standing to sue as a "participant or beneficiary" of an ERISA plan administered by Aetna.
³ Dr. Shah voluntarily dismissed the state law breach of contract claim in count one, conceding that it is preempted by ERISA. (Pl. Br. at 1.) The Court will dismiss this claim pursuant to

2

and four of the Complaint [Docket Item 5], which motion is now fully briefed and will be decided without oral argument pursuant to Fed. R. Civ. P. 78.

3. **Standard of Review.** Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of her "entitle[ment] to relief," which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

4. A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual

---

Fed. R. Civ. P. 41(a), and dismiss Aetna's motion to dismiss as moot as to count one.

matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678

    5.   **Discussion.** Aetna argues that Dr. Shah's claims of breach of fiduciary duty and failure to maintain reasonable claims procedures must be dismissed because "Plaintiff cannot seek or obtain the requested relief" plead in those causes of action. The Court will address both of these points in turn.

    6.   Count three of the Complaint, pursuant to 29 U.S.C. § 1132(a)(3) (ERISA § 502(a)(3)), alleges that Aetna breached its fiduciary duty owed under ERISA by

> failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and wrongfully withholding money belonging to Plaintiff.

(Compl. ¶ 38.) Dr. Shah seeks as relief for this cause of action reimbursement for medical benefits owed under the plan and "such other and further relief as the Court may deem just and equitable." (Id.) Aetna argues that this claim must be dismissed

4

because it essentially seeks only legal, monetary relief that is duplicative of the claim for benefits (count two), while a breach of fiduciary duty under ERISA permits only equitable relief. In opposition, Dr. Shah asserts that this claim should be allowed to move forward because he also seeks "other appropriate equitable relief," and to dismiss the § 502(a)(3) claim as duplicative before adjudicating the merits of his benefits claim would be premature.

7. The Court agrees with Dr. Shah, and with other courts in this District, that dismissal of an ERISA breach of fiduciary duty claim on this basis is not appropriate at this early procedural stage. DeVito v. Aetna, Inc., 536 F. Supp. 2d 523, 533-34 (D.N.J. 2008); see also Beye v. Horizon Blue Cross Blue Shield of New Jersey, 568 F. Supp. 2d 556, 574-75 (D.N.J. 2008) (same); Shah v. Horizon Blue Cross Blue Shield, Civil No. 16-2528, 2017 WL 680292, at *3 (D.N.J. Feb. 21, 2017) (same); Ross v. AXA Equitable Life Ins. Co., Civil No., 2016 WL 7462542 (D.N.J. Dec. 28, 2106) (same); HUMC Opco LLC v. United Benefit Fund, Civil No. 16-168, 2016 WL 6634878, at *4 (D.N.J. Nov. 7, 2016) (same); Rahul Shah v. Horizon Blue Cross Blue Shield, Civil No. 15-8590, 2016 WL 4499551, at *10 (D.N.J. Aug. 25, 2016) (same). Nevertheless, "the Court will not permit a [breach of fiduciary duty] claim to duplicate the relief theories of [a benefits claim] at the appropriate stage of the litigation."

Shah, 2016 WL 4499551, at *10 (emphasis added). Aetna may renew this challenge to the redundancy of Dr. Shah's claims on summary judgment, and at that time it will be Dr. Shah's burden to distinguish the gravamen of his claim in count three from that in count two. Lipstein v. UnitedHealth Group, 296 F.R.D. 279, 298 (D.N.J. 2013). For this reason, Aetna's motion to dismiss will be denied without prejudice as to count three of the Complaint.

8. Count four of the Complaint alleges that Aetna failed to establish and maintain a reasonable claims procedures under 29 C.F.R. 2560.503-1. (Compl. ¶¶ 39-47.) That regulation sets forth minimum disclosure requirements for an employee benefit plan under ERISA and requires, inter alia, that a plan administrator provide written notice of a benefit determination, the specific reasons for any adverse determination, and the time limits and appeal procedures for any adverse determinations "in a manner calculated to be understood by the claimant." 29 C.F.R. 2560.5031-1(g). Dr. Shah does not allege which specific disclosure requirements of the claims procedure Aetna violated in its denial of benefits for Lorraine J. (See generally Compl.) Aetna argues that this claim fails as a matter of law because neither 29 C.F.R. 2560.503-1 nor its accompanying statute, 29 U.S.C. § 1133 (ERISA § 503), establish a private right of action

for a failure to comply with the regulatory disclosure requirements. The Court agrees.

9. The Third Circuit has observed that § 503 and its regulations "set[] forth only the disclosure obligations of 'the Plan' and . . . do[] not establish that those obligations are enforceable through the sanctions of ERISA's civil enforcement provision." Syed v. Hercules, Inc., 214 F.3d 155, 162 (3d Cir. 2000); see also Ashenbaugh v. Crucible Inc., 1975 Salaried Ret. Plan, 854 F.2d 1516, 1532 (3d Cir. 1988) (discussing "the general principle that an employer's or plan's failure to comply with ERISA's procedural requirements does not entitle a claimant to a substantive remedy."). "[T]he remedy for a violation of § 503 is to remand to the plan administrator so the claimant gets the benefit of a full and fair review." Syed, 854 F.2d at 1532. From this, courts in this District have found that § 1133 and 29 C.F.R. 2560.503-1 do not create a private cause of action and have dismissed claims identical to Dr. Shah's as legally insufficient. See Bloomfield Surgical Center v. Cigna Health and Life Ins. Co., Civil No. 16-8642, 2017 WL 2304642, at *3 (D.N.J. May 25, 2017) ("Courts in this District have also explicitly found that 29 C.F.R. 2560.503-2 does not create a private cause of action."); Shah v. Horizon Blue Cross Blue Shield of Mass., Civil No. 16-5946, 2017 WL 1745608, at *2 (D.N.J. May 4, 2017) (same); Shah, 2017 WL 680292, at *2-*3 (same); Shah, 2016 WL

7

4499551, at *11 (same); Drzala v. Horizon Blue Cross Blue Shield, Civil No. 15-8392, 2016 WL 2932545, at *5 (D.N.J. May 18, 2106) (same); Cohen v. Horizon Blue Cross Blue Shield of New Jersey, Civil No. 13-3057, 2013 WL 5780815, at *9 (D.N.J. Oct. 25, 2013).

10. In opposition, Dr. Shah argues that his cause of action under 29 C.F.R. 2560.503-1 is not foreclosed because he seeks equitable relief, including "an Order that . . . Plaintiff is deemed to have exhausted all required administrative remedies" rather than compensatory damages. (Pl. Br. at 4.) But Dr. Shah's position ignores binding Third Circuit precedent that "the remedy for a violation of § 503 is to remand to the plan administrator so the claimant gets the benefit of a full and fair review." Syed, 854 F.2d at 1532. Dr. Shah's requested relief, equitable though it may be, is not available for a violation of 29 C.F.R. 2560.503-1.

11. For these reasons, the Court will grant Aetna's motion to dismiss with respect to count four.[4] Because this cause of action is legally insufficient, and not merely factually insufficient, any amendment will be futile and Plaintiff will

---

[4] Because this Court finds that 29 C.F.R. 2560.503-1 does not create a private cause of action, it need not address whether these allegations are sufficiently detailed to satisfy Twombly. (Def. Reply at 3.)

8

not be permitted leave to amend. United States ex rel. Schumann v. Astrazeneca Pharma. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

12. **Conclusion.** The accompanying Order shall be entered.


**July 6, 2017**          **s/ Jerome B. Simandle**
Date                      JEROME B. SIMANDLE
                          U.S. District Judge